UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYMANTEC CORPORATION,

       Plaintiff,

                                            CASE NO. 02-CV-73740-DT

v.                                CHIEF JUDGE BERNARD A. FRIEDMAN
                                            MAGISTRATE JUDGE PAUL KOMIVES

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION ON SYMANTEC'S MOTION FOR SUMMARY JUDGMENT THAT RICHARD B. LEVIN IS NOT AN INVENTOR (docket #116)**

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
       A.     *Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
       B.     *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
       C.     *Legal Standard for Inventorship* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
       D.     *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
             1.     *The Presumption of Validity and CA's Burden* . . . . . . . . . . . . . . . . . . . . . . . 7
             2.     *Levin's Inventorship* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
       E.     *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

\*     \*     \*     \*     \*

I.    RECOMMENDATION: The Court should grant Symantec's motion for summary judgment that Richard B. Levin is not an inventory (docket #116).

II.   REPORT:

A.    *Background*

In this patent infringement suit, plaintiff Symantec Corporation ("Symantec" or "plaintiff") alleges that products of defendant Computer Associates International, Inc. ("CA" or "defendant"), infringe on its rights under U.S. Patent No. 5,319,776 ("the '776 patent"). Currently pending before

the Court are nine motions for summary judgment filed by the parties.[1] This Report addresses Symantec's motion for summary judgment that Richard B. Levin is not an inventor. The remaining motions are addressed in separate Reports being filed on this date.

As explained in my Opinion and Order construing the patent claims, the '776 patent was issued on June 7, 1994, and is entitled "In Transit Detection of Computer Virus with Safeguard." The patent discloses twenty method claims, two of which, Claims 1 and 18, are independent claims and the remainder of which are dependent claims. As briefly described by the Federal Circuit in a prior case involving the '776 patent, "[t]he claimed invention scans a body of data during its transfer, *i.e.*, before storage of the data with potential viruses on the destination storage medium. If the program detects signs of a virus during the scan, the program automatically blocks storage." *Hilgraeve Corp. v. McAfee Assocs., Inc.*, 224 F.3d 1349, 1350 (Fed. Cir. 2000) (*Hilgraeve I*); *see also*, *Hilgraeve Corp. v. Symantec Corp.*, 265 F.3d 1336, 1339 (Fed. Cir. 2001) (*Hilgraeve II*).

On November 9, 2004, Symantec filed this motion for summary judgment that Richard B. Levin is not an inventor. CA filed a response on December 1, 2004, and Symantec filed a reply on December 13, 2004. For the reasons that follow, the Court should grant Symantec's motion.

B.  *Legal Standard*

---

[1]The nine pending motions, all filed on November 9, 2004, are: (1) defendant's motion for summary judgment on unenforceability due to inequitable conduct (docket #113); (2) defendant's motion for summary judgment of laches (docket #114); (3) plaintiff's motion for summary judgment on defendant's defenses of laches, implied licence, waiver, and equitable estoppel (docket #115); (4) plaintiff's motion for summary judgment that Richard B. Levin is not an inventor (docket #116); (5) plaintiff's motion for summary judgment of no inequitable conduct (docket #117); (6) plaintiff's motion for summary judgment of no invalidity (docket #120); and (7-9) defendant's three motions for summary judgment on infringement with respect to three separate products which are the subject of plaintiff's infringement claims (docket #118, 119 & 121).

Any appeal from the Court's judgment in this case lies exclusively in the United States Court of Appeals for the Federal Circuit. *See* 28 U.S.C. § 1295(a)(1). Accordingly, this Court is bound by the jurisprudence of the Federal Circuit as to those matters which relate to the Federal Circuit's exclusive jurisdiction. *See Kudlacek v. DBC, Inc.*, 115 F. Supp. 2d 996, 1019 (N.D. Iowa 2000); *Sample v. United States*, 838 F. Supp. 373, 375 (N.D. Ill. 1993) ("United States Court of Appeals, Federal Circuit, jurisprudence controls since the case would be appealed to the Federal Circuit."), *aff'd*, 65 F.3d 939 (Fed. Cir. 1995). However, the general standards governing summary judgment are controlled by the law of the regional circuit court–here the Sixth Circuit. *See Parental Guide of Tex., Inc. v. Thomson*, 446 F.3d 1265, 1268 (Fed. Cir. 2006); *Microstrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1349 (Fed. Cir. 2005).

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The moving party's initial burden differs depending on whether the non-movant or the

movant bears the ultimate burden of proof on the issue on which summary judgment is sought. In the former case, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

However where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes

4

forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.   *Legal Standard for Inventorship*

"A patent shall be presumed valid." 35 U.S.C. § 282. Therefore, patent issuance creates a presumption that the named inventors are the true and only inventors. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (quoting *Hess v. Advanced Cardiovascular Sys., Inc.,* 106 F.3d 976, 980 (Fed. Cir. 1997)). In order to rebut this presumption, a party alleging the omission of an inventor must present clear and convincing evidence that the omitted individual actually invented the claimed invention. *See Acromed Corp Sofamor Danek Grp, Inc*., 253 F.3d 1371, 1379 (2001). To prove that contribution, the purported inventor must "'provide corroborating evidence of any asserted contributions to the conception.'" *Acromed Corp.*, 253 F.3d at 1379 (quoting *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473-74 (Fed. Cir.1997)). The temptation for even honest witnesses to reconstruct what their state of mind may have been years earlier is too

5

great to allow a lower standard. *See Hess*, 106 F.3d at 980. "'[T]he case law is unequivocal that an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof.'" *Ethicon*, 135 F.3d at 1461 (quoting *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir.1993)). The rule is the same for an alleged co-inventor's testimony. Thus, an alleged co-inventor must supply evidence to corroborate his testimony. *See id* at 1461. Whether the inventor's testimony has been sufficiently corroborated is evaluated under a "rule of reason" analysis. *See id*; *Price*, 988 F.2d at 1194. Under this analysis, "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the [alleged] inventor's story may be reached." *Hess*, 106 F.3d at 1461.

A patented invention may be the work of two or more joint inventors. See 35 U.S.C. § 116 (1994). "Because 'conception is the touchstone of inventorship,' each joint inventor must generally contribute to the conception of the invention." *Chiron Corp. v. Genentech, Inc*., 268 F. Supp. 2d 1126, 1131 (2002) (quoting *Ethicon*, 135 F.3d at 1460). "One who simply provides the inventor with well-known principles or explains the state of the art without ever having a 'firm and definite idea' of the claimed combination as a whole does not qualify as a joint inventor.'" *Ethicon, Inc.*, 135 F.3d at 1461. Similarly, in *Shatterproof Glass*, the court stated that [a]n inventor "may use the services, ideas, and aid of others in the process of perfecting his invention without losing his right to a patent." *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 624 (Fed. Cir.1985) (quoting *Hobbs v. U.S. Atomic Energy Comm'n*, 451 F.2d 849, 864 (5th Cir. 1971)). One who simply provides the inventor with well-known principles or explains the state of the art without ever having "a firm and definite idea" of the claimed combination as a whole does not qualify as a joint inventor. *See Hess*, 106 F.3d at 981 (*citing O'Reilly v. Morse*, 56 U.S. (15 How.) 62, 111

(1853)).

D.   *Analysis*

    1.   *The Presumption of Validity and CA's Burden*

Before addressing the underlying issue of Levin's alleged co-inventorship, it is appropriate to address the burden which CA bears in this motion. As noted above, the '776 patent is presumed valid under § 282, and thus CA must establish its invalidity through clear and convincing evidence. *See Nystrom*, 424 F.3d at 1149. This clear and convincing evidence standard requires the party contesting validity to offer evidence which "could place in the ultimate factfinder an abiding conviction that the truth of [the] factual contentions are highly probable," *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal quotation omitted), and must be applied at the summary judgment stage, *see Anderson*, 477 U.S. at 254-55. CA contends, however, that because the PTO did not consider the issue of Levin's inventorship, the presumption of validity does not apply. This argument is mistaken.

The presumption of validity in § 282 is a statutory command, and it is not qualified by any language which would suggest it is inapplicable where the patent was issued without consideration of the precise matter at issue in the lawsuit. CA's argument confuses the § 282 presumption of validity with the separate deference given to the PTO's determinations based on the examiner's supposed superior knowledge and experience. With respect to the latter, the Federal Circuit has explained, in connection with prior art determinations, that "[w]here the PTO has considered a piece of prior art, and issued a patent notwithstanding that prior art, a court owes some deference to the PTO's decision." *Minnesota Mining & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1572 (Fed. Cir. 1992). The case upon which CA relies, *American Hoist & Derrick Co. v.*

*Sowa & Sons, Inc.*, 725 F.2d 1350 (Fed. Cir. 1984), does state that "[w]hen an attacker, in sustaining the burden imposed by § 282, produces prior art or other evidence *not* considered in the PTO, there is . . . *no reason to defer* to the PTO so far as *its* affect on validity is concerned." *Id*. at 1359 (emphasis in original). The court made clear, however, that this lack of deference to the PTO does not affect the § 282 presumption of validity or the defendant's burden to prove invalidity by clear and convincing evidence. The court explained that this lack of deference

> has no effect on the presumption or on who has the burden of proof. They are static and in reality different expressions of the same thing – a single hurdle to be cleared. Neither does the *standard* of proof change; it must be by clear and convincing evidence or its equivalent, by whatever form of words it may be expressed. What the production of new prior art or other invalidating evidence not before the PTO does is to eliminate, or at least reduce, the element of deference due the PTO, thereby partially, if not wholly, *discharging* the attacker's burden, but neither shifting nor lightening it or changing the standard of proof.

*Id*. at 1360 (citation omitted) (emphasis in original). The court summarized: "§ 282 creates a presumption that a patent is valid and imposes the burden of proving invalidity on the attacker. The burden is constant and never changes and is to convince the court of invalidity by clear evidence." *Id*. In short, "[r]egardless of the deference owed to the patent officer, . . . [the Court] must consider all admissible evidence in light of the clear and convincing standard by which patents must be proved invalid." *United States Filter Corp.*, 68 F. Supp. 2d at 52.

    2.    *Levin's Inventorship*

During his deposition, Richard Levin testified that he did not consider himself an inventor of the '776 patent, and that he did not think that he had contributed to anything that was in the patent. *See* Symantec's Inventorship Br., Ex. 1, Dep. Tr. of Richard B. Levin, at 296, 301. Nevertheless, after his deposition Levin licensed whatever rights he may have in the '776 patent to CA, and subsequently intervened in this action. In his declaration, Levin avers that he spoke to

Matthew Gray of Hilgraeve, and one of the listed co-inventors of the '776 patent, on two occasions. *See* CA's Inventorship Br., Ex. 5, Decl. of Richard Levin, ¶¶ 16-18. He declares that, during these conversations, he gave Gray the idea for the in-transit virus detection program embodied in the '776 patent:

> 27. As I conversed with Mr. Gray, I realized, that because Hilgraeve's HyperACCESS product already did error checking in the file transfer protocol, they could relatively easily move the virus scanning into their file transfer process – that is, while the file is in transit. I realized that if HyperACCESS scanned a file during the file transfer protocol, it could automatically prevent files from coming into the computer system if they contained a virus.
> 28. I then explained my realization to Mr. Gray by telling him that he could move the virus scanning "upstream" into the file transfer protocol. I discussed with him making the scan part of the download process – because the file is already being processed in memory during download. I remember then going into a stream-of-consciousness download of my thoughts on how to implement this idea. I explained to Mr. Gray my theory of how an anti-virus feature could best be implemented in his software and in his market.

*Id*., ¶¶ 27-28. Notwithstanding this declaration, Symantec argues that there is no evidence to corroborate this account, and thus that it is entitled to summary judgment with respect to the issue of Levin's inventorship. The Court should agree.

As noted above, Levin's declaration alone is insufficient to withstand Symantec's motion for summary judgment with respect to the inventorship issue. Rather, CA must "'provide corroborating evidence of any asserted contributions [by Levin] to the conception.'" *Acromed Corp.*, 253 F.3d at 1379 (quoting *Fina Oil & Chem.*, 123 F.3d at 1473-74). The only evidence of corroboration to which CA points is the date book entry in Gray's planner reflecting a call between Gray and Levin. That entry, reflecting a daily record of events for February 12, 1990, in its entirety reads:

> Richard Levin                              "The Computer Virus Handbook"
> IBM SCAN program seeks signatures.

> Wouldn't work on archived files.
> Jim McAffey's [sic] virus scan that does this realtime.
> Levin & Associates          His program is
> [address and phone number   Rich Levin's
> information deleted]        Checkup Antivirus
>                             System
>
> ARC – Self extracting
> PKARC – Zip
> LARC –

Symantec's Inventorship Br., Ex. 3. This evidence is insufficient to constitute the type of corroboration necessary to prove Levin's inventorship.

Contrary to CA's argument, it is irrelevant, for purposes of Levin's inventorship, whether this entry adequately shows conception to establish Gray as an inventor. It is also irrelevant that the entry corroborates that Gray and Levin actually spoke about the virus detection problem. This case is analytically indistinct from the Federal Circuit's decision in *Gemstar-TV Guide Int'l, Inc. v. International Trade Comm'n*, 383 F.3d 1352 (Fed. Cir. 2004). In that case, the court concluded that an alleged co-inventor's listing on two product disclosure documents did not constitute sufficient corroboration of his inventorship to invalidate the patent. The court explained:

> Although these product disclosures each contained an annotation listing Neil by name, they did not explicitly state what subject matter Neil contributed. The product disclosures fail to explicitly identify Neil's contributions, and thus fail to show that Neil's contributions exceeded the prior art or were part of the invention claimed in the '121 patent. Neil's own testimony cannot fill in these gaps in the product disclosure documents to establish whether Neil contributed to the subject matter of the invention claimed in the '121 patent. Thus, even taken collectively, Neil's own testimony, technical background, and the ambiguous product disclosure documents fail to establish Neil's co-inventorship of the '121 patent by facts supported by clear and convincing evidence.

*Id*. at 1382-83. Here, as in *Gemstar*, Gray's date planner entry "fail[s] to explicitly identify [Levin's] contribution," and at most shows only that the two discussed the then-current state of the

10

art. And, as in *Gemstar*, Levin's "own testimony cannot fill in these gaps" in the evidence, and, even considered collectively, Levin's own testimony, Gray's alleged inadequate technical knowledge, and the ambiguous planner entry "fail to establish [Levin's] co-inventorship of the ['776] patent by facts supported by clear and convincing evidence." *Id*. at 1383. Because this case is indistinguishable from *Gemstar*, the Court should conclude that CA has failed to present sufficient corroborative evidence of Levin's inventorship to withstand Symantec's motion for summary judgment.[2]

E.     *Conclusion*

In view of the foregoing, the Court should grant Symantec's motion for summary judgment that Richard B. Levin is not an inventor (docket #116).

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation*

---

    [2]Contrary to CA's argument, the Court's prior grant of CA's motion to amend the complaint to add a claim based on Levin's inventorship and grant of Levin's motion to intervene did not resolve these issues. These orders were based solely on the liberal standards governing amendment and intervention, and did not purport to definitively resolve whether CA would be able to withstand summary judgment based on the evidence the parties have now produced.

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 8/31/06

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 31, 2006.

s/Eddrey Butts
Case Manager