UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYMANTEC CORPORATION,

       Plaintiff,

vs.

COMPUTER ASSOCIATES
INTERNATIONAL, INC.,

       Defendant.
_____/

Civil Action No.
02-CV-73740-DT

HON. BERNARD A. FRIEDMAN

## ORDER ACCEPTING AND ADOPTING
## MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

This matter is presently before the court on the following reports and recommendations of Magistrate Judge Paul Komives: (1) report and recommendation on Symantec's motion for summary judgment that Richard B. Levin is not an inventor [docket entry 226]; (2) report and recommendation on Computer Associates' motion for partial summary judgment of laches and Symantec's motion for summary judgment on Computer Associates' defenses of (1) laches, (2) implied license, (3) waiver, and (4) equitable estoppel [docket entry 227]; (3) report and recommendation on defendant Computer Associates' motion for summary judgment of uenforceability of the '776 patent due to inequitable conduct and plaintiff Symantec Corporation's motion for summary judgment of no inequitable conduct [docket entry 228]; (4) report and recommendation on Computer Associates' motions for summary judgment of no infringement [docket entry 229]; and (5) report and recommendation on Symantec's motion for partial summary judgment of no invalidity [docket entry 230]. Defendant has filed objections to each these reports and recommendations; Richard B. Levin has filed objections to the first report and recommendation;

and plaintiff has filed objections to the fourth and fifth reports and recommendations. Response and reply briefs respecting the objections have also been filed.

The court has reviewed these reports and recommendations, the objections thereto and the response and reply briefs. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the court has reviewed *de novo* those portions of the reports and recommendations to which a specific has been made. The court is satisfied that the magistrate judge has thoroughly and correctly summarized the facts, stated the legal standards, and analyzed all of the issues. Finding no error in any of the reports and recommendations, the court shall accept and adopt them as the findings and conclusions of the court.

Specifically, in the first report and recommendation [docket entry 226], the magistrate judge recommends that the court grant plaintiff's motion for summary judgment that Richard B. Levin is not an inventor [docket entry 116]. The court shall follow this recommendation over defendant's and Levin's objections. Levin is not an inventor of the '776 patent for the reasons noted by the magistrate judge, beginning with Levin's own deposition testimony in which he acknowledged that (1) he contributed nothing to this patent, (2) his memory regarding his conversation in 1990 with one of the co-inventors, Matthew Gray, was sketchy at best, and (3) he took no notes of those conversations (*see* Levin dep., pp. 296-302). Nor is there any clear and convincing documentary evidence indicating Levin's inventorship. As to Levin's alleged role as an inventor, there is no issue of fact for the jury to resolve and plaintiff is entitled to summary judgment on this issue.

In the second report and recommendation [docket entry 227], the magistrate judge recommends that the court deny defendant's motion for partial summary judgment of laches [docket

entry 114] and that the court grant plaintiff's motion for summary judgment on defendant's defenses of laches, implied license, waiver and equitable estoppel [docket entry 115]. The court shall follow these recommendations over defendant's objections. Plaintiff is entitled to summary judgment, and defendant is not, on the defense of laches because defendant has no evidence to show that plaintiff delayed unreasonably in commencing suit. Additionally, plaintiff is entitled to summary judgment on defendant's other defenses for the reasons explained at pages 13 to 21 of the report and recommendation.

In the third report and recommendation [docket entry 228], the magistrate judge recommends that the court grant plaintiff's motion for summary judgment of no inequitable conduct [docket entry 117] and deny defendant's motion for summary judgment of unenforceability due to inequitable conduct [docket entry 113]. The court shall follow these recommendations over defendant's objections. For the reasons explained by the magistrate judge, defendant has failed to adduce clear and convincing evidence that plaintiff, through Gray or Wakelin, misrepresented or failed to disclose material information with an intent to deceive the PTO.

In the fourth report and recommendation [docket entry 229], the magistrate judge recommends that the court grant in part and deny in part defendant's motions seeking summary judgment on the issue that certain of its products do not infringe the '776 patent [docket entries 118, 119, and 120]. Specifically, the magistrate judge recommends that the court find that defendant's eTrust Antivirus, eTrust EZ Antivirus, ARCserve, and Intrusion Detection products do not infringe (and therefore grant docket entries 118 and 121), and that the court allow the case to proceed to trial as to defendant's Content Inspection products (and therefore deny docket entry 119). The court shall follow these recommendations over plaintiff's and defendant's objections. These recommendations

are fully consistent with the court's construction of the patent claims [docket entries 189, 194] and are free of factual and legal error.

In the fifth report and recommendation [docket entry 230], the magistrate judge recommends that the court grant in part and deny in part plaintiff's motion for partial summary judgment of no invalidity [docket entry 120]. Specifically, the magistrate judge recommends that the court grant plaintiff's motion with respect to the Apple II GS Photonix prior art, the Macintosh prior art, and the unexplained prior art references identified in defendant's supplemental response to Interrogatory No. 6, and that the court deny plaintiff's motion with respect to the PKSFANSI prior art, the Checkout prior art, and the grep/egrep prior art. The court shall follow these recommendations over plaintiff's and defendant's objections. For the reasons articulated by the magistrate judge, the court is persuaded that a factual dispute exists as to whether the '776 patent is invalidated by the PKSFANSI prior art, the Checkout prior art, and the grep/egrep prior art. However, no such dispute exists as to the other prior art. Accordingly,

IT IS ORDERED that Magistrate Judge Komives' five reports and recommendations [docket entries 226, 227, 228, 229 and 230] are accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment that Richard B. Levin is not an inventor [docket entry 116] is granted.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment

4

of laches [docket entry 114] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment on defendant's defenses of laches, implied license, waiver and equitable estoppel [docket entry 115] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment of no inequitable conduct [docket entry 117] is granted.

IT IS FURTHER ORDERED that defendant's motion for summary judgment of unenforceability of the '776 patent due to inequitable conduct [docket entry 113] is denied.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment that the accused eTrust, eTrust EZ, and ARCserve products do not infringe the '776 patent [docket entry 118] is granted.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment that the accused Content Inspection antivirus products do not infringe the '776 patent [docket entry 119] is denied.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment that the accused Intrusion Detection products do not infringe the '776 patent [docket entry 121] is

granted.

IT IS FURTHER ORDERED that defendant's motion for reconsideration [docket entry 237] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment of no invalidity [docket entry 120] is granted in part and denied in part as follows: the motion is granted with respect to the Apple II GS Photonix prior art, the Macintosh prior art, and the unexplained prior art references identified in defendant's supplemental response to Interrogatory No. 6, and denied with respect to the PKSFANSI prior art, the Checkout prior art, and the grep/egrep prior art.

IT IS FURTHER ORDERED that defendant's motion for leave to file another summary judgment motion [docket entry 238] is denied.

IT IS FURTHER ORDERED that defendant's motion for oral argument on its objections [docket entry 240] is denied.

                                      ___s/Bernard   A. Friedman_____
Dated: January 23, 2007                        BERNARD A. FRIEDMAN
   Detroit, Michigan              CHIEF UNITED STATES DISTRICT JUDGE